WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiff
GP Acoustics, Inc., d/b/a/ KEF America

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------X
:
GP ACOUSTICS, INC. d/b/a KEF       :    **Document Electronically Filed**
AMERICA,                            :
:    **Civil Action No.**_____
Plaintiff,          :
:
v.                                  :
:    **VERIFIED COMPLAINT**
BRANDNAMEZ, LLC, d/b/a              :    **AND DEMAND FOR JURY**
BRANDNAMEZ.COM and CONSUMER         :    **TRIAL**
ELECTRONICS SUPERSTORE,             :
:
Defendant.         :
:
------------------------------------------------------X

Plaintiff GP Acoustics, Inc., d/b/a/ KEF America ("GP Acoustics" or "Plaintiff"), by and through its undersigned attorneys, as and for its Verified Complaint against Defendant BrandNamez, LLC d/b/a BrandNamez.com and Consumer Electronics Superstore ("BrandNamez"), states and alleges as follows:

### THE ACTION

1.  This is an action for injunctive, equitable, and declaratory relief, and for compensatory, statutory and punitive damages and costs, for claims arising out of, and pursuant to, Section 1125(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), state policy, and the common law. As set forth below, the unlawful

#3246331 (105710.029)                                                                 1

acts of BrandNamez constitute Federal trademark infringement, false designation of origin and false description and unfair competition under New Jersey common law.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction in this action under 15 U.S.C. §1114(1), 15 U.S.C. §§ 1125(a) and 28 U.S.C. §§ 1331 and 1338(a), as Plaintiff's claims arise under the Federal Trademark Act and Lanham Act.

3. This Court has original subject matter jurisdiction over Plaintiff's claims of trademark infringement and unfair competition under U.S.C. §1114(1), 15 U.S.C. § 1121 and 1125(a).

4. This Court has original subject matter jurisdiction over Plaintiff's claims of copyright infringement under 17 U.S.C. 501(a).

5. This Court has original subject matter jurisdiction over the Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court, District of New Jersey, under 28 U.S.C. § 1391(b) and (c) as the judicial district in which a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

7. The Court has personal jurisdiction over BrandNamez, in accordance with the Due Process Clause of the Fifth Amendment, since, among other things, BrandNamez advertises GP Acoustics audio products on the Internet to inform residents of New Jersey that it will take orders from residents of New Jersey and will ship products to New Jersey. BrandNamez has also violated GP Acoustics' trademark rights in New Jersey by advertising GP Acoustics audio products on the Internet when in fact it is not an authorized dealer of such products.

## THE PARTIES

8. Plaintiff GP Acoustics is a New Jersey Corporation with its principal place of business located at 10 Timber Lane, Marlboro, New Jersey 07746.

9. GP Acoustics operates all components of its business from its headquarters in Marlboro, New Jersey.

10. GP Acoustics manufactures several different types of high quality audio products, including high-performance loudspeakers.

11. Upon information and belief, and according to its website, Defendant BrandNamez is a New York limited liability company located at 325 West 38th Street, New York, New York 10018.

12. BrandNamez is an electronic audio and video equipment retailer, which advertises, markets, and sells electronics products at its store locations and on the Internet at www.brandnamez.com.

13. Upon information and belief, BrandNamez advertises to and consummates transactions with consumers nationally, including consumers within the State of New Jersey.

## FACTUAL BACKGROUND

### A. Plaintiff's Development Of The KEF® Trademark.

14. GP Acoustics has registered the trademark consisting of the letters "KEF" superimposed on a design feature consisting of the fanciful depiction of the letter "K" with the Principal Register of the United States Patent and Trademark Office, under Registration No. 1,921,576 dated September 26, 1995.

15. GP Acoustics has developed a quality image and substantial goodwill, recognized globally, among consumers in connection with its KEF® loudspeakers and other related KEF® products.

16. All audio products manufactured by GP Acoustics are advertised, marketed and sold under the KEF® trademark.

17. GP Acoustics has made extensive sales of its high quality audio products under the registered KEF® trademark, and has used the mark extensively in advertising and promotion of such goods, in the process acquiring a strong secondary meaning among the international marketplace.

18. Given the value of the KEF® trademark, GP Acoustics diligently protects its legal rights, both through business and legal channels, with respect to certain activities that injure GP Acoustics via the infringement of its KEF® Trademark and the unauthorized sale of KEF® products.

### B.  The GP Acoustics Dealer Agreements.

19. GP Acoustics distributes and sells its high quality audio products exclusively through a network of authorized dealers (the "KEF® Dealers") throughout the United States, and no unauthorized dealers have been given permission to use the KEF® trademark in connection with the sale of KEF® products.

20. Each KEF® Dealer executes a Dealer Agreement ("KEF® Dealer Agreement") with GP Acoustics that, *inter alia*, provides that:

   a. The KEF® Dealer shall not sell or offer for sale KEF® products from any location other than one which GP Acoustics has pre-approved;

   b. Products purchased for sale at the KEF® Dealers' place of business may not be sold at any other business location not previously approved in writing by GP Acoustics;

  c. The KEF® Dealer is licensed to use the KEF® trademark for the sole purpose of advertising and promoting KEF® products;

  d. The KEF® Dealer is specifically prohibited from selling KEF® products via Internet sales, mail order sales and catalog sales, or any other method of sale where the retail consumer does not come to the KEF® Dealer's authorized location;

  e. The KEF® Dealer is bound to sell KEF® products only to retail customers or to other KEF® Dealers;

  f. The KEF® Dealer agrees not to sell to customers whom the KEF® Dealers has reason to believe intend to resell, transship, or otherwise divert KEF® products into sales channels or outlets which may not comply with the KEF® Dealer's responsibilities; and

  g. The KEF® Dealer agrees to maintain the appearance and condition of the facilities at the authorized location so as to reflect favorably on the Products and the quality image associated with KEF® products.

A copy of an unexecuted Dealer Agreement is attached hereto as **Exhibit A.**

  C. **Defendants' Unlawful Marketing of KEF® Products**

21. Sales by unauthorized dealers damage the quality, integrity, and value of the KEF® trademark.

22. BrandNamez is not, nor has it ever been, an authorized KEF® Dealer.

23. Upon information and belief, BrandNamez, has marketed, and continues to market, sell and/or supply KEF® products, and that websites owned, controlled, or operated by BrandNamez are engaged in activities that injure GP Acoustics via the infringement of the KEF® Trademark and the unauthorized sale of KEF® products.

24. BrandNamez currently advertises over 100 KEF® products on its website. A true and accurate copy of the sample of the KEF® products available from Defendants' current website is attached hereto as **Exhibit B**.

25. The unauthorized sale of KEF® products by BrandNamez has caused and will continue to cause confusion, mistake or deception in the minds of the public and, therefore, is an activity constituting infringement of the KEF® trademark.

26. Upon information and belief, BrandNamez has obtained GP Acoustics audio products by inducing KEF® Dealers to transship the audio products, which is a breach of the KEF® Dealer Agreements.

27. On December 2, 2009, counsel for GP Acoustics sent a letter via regular mail and certified mail, return receipt requested, to the address on BrandNamez's website, demanding that BrandNamez immediately cease marketing, advertising, selling and/or supplying KEF® products.

28. Notwithstanding the December 2, 2009 letter, BrandNamez has continued to advertise KEF® products on its website.

## COUNT I

## TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1) and 15 U.S.C. §§ 1125(a))

29. GP Acoustics repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

30. GP Acoustics repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

31. Based on Plaintiff's extensive advertising under the KEF® trademark, its extensive sales and the wide popularity of KEF® products, the KEF® trademark has acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of GP Acoustics.

32. BrandNamez has used and is continuing to use the KEF® trademark in connection with the sale of KEF® products, which are restricted by contract to be sold only to retail customers as aforementioned, and which BrandNamez has procured by improper means, as aforesaid.

33. BrandNamez has used and is continuing to use the KEF® trademark in advertisements for GP Acoustics audio products that are unlawfully offered for sale on Internet web sites.

34. Defendant has used the KEF® trademark, knowing it is the exclusive property of Plaintiff, in connection with Defendant's sale, offers for sale, distribution, promotion and advertisement of its goods on Internet web sites.

35. Defendant's activities create the false and misleading impression that BrandNamez is sanctioned, assigned or authorized by Plaintiff to sell KEF® products when BrandNamez is not so authorized.

36. By the aforementioned acts complained of, BrandNamez has infringed and continues to infringe the KEF® registered trademark, in violation of GP Acoustics' rights under 15 U.S.C. §1114(1), 15 U.S.C. § 1121 and 15 U.S.C. §§ 1125(a).

37. Defendant's use of one or more of the KEF® Trademarks has been without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by defendants are warranted, authorized, sponsored or approved by Plaintiff.

38. BrandNamez's aforementioned acts of trademark infringement have caused, and will continue to cause, Plaintiff to suffer substantial pecuniary injury and

irreparable harm, including but not limited to loss of customer goodwill, the imminent destruction of the KEF® trademark value, loss of business and other injury.

WHEREFORE, Plaintiff GP demands that Judgment be entered against Defendant BrandNamez, LLC d/b/a BrandNamez.com and Consumer Electronics Superstore as follows:

a. Enjoining Defendant from marketing, advertising, selling and/or supplying KEF® products;

b. Awarding to Plaintiff actual, compensatory and punitive damages, attorneys' fees and costs of suit; and

c. Such other and further relief as the Court may deem appropriate.

## COUNT II

### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

39. GP Acoustics repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

40. As set forth above, BrandNamez has engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

41. Specifically, BrandNamez has used a false or misleading description of fact, or false or misleading representation of fact in commerce, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

42. BrandNamez has competed unfairly with GP Acoustics and has traded unfairly upon GP Acoustics' goodwill and reputation and continues to do so.

43. As a result, BrandNamez has created a likelihood of consumer confusion.

44. BrandNamez's aforementioned acts of unfair competition have caused, and will continue to cause, Plaintiff to suffer substantial pecuniary injury and irreparable harm, including but not limited to loss of customer goodwill, the imminent destruction of the KEF® trademark value, loss of business and other injury.

WHEREFORE, Plaintiff GP demands that Judgment be entered against Defendant BrandNamez, LLC d/b/a BrandNamez.com and Consumer Electronics Superstore as follows:

a. Enjoining Defendant from marketing, advertising, selling and/or supplying KEF® products;

b. Awarding to Plaintiff actual, compensatory and punitive damages, attorneys' fees and costs of suit; and

c. Such other and further relief as the Court may deem appropriate.

## COUNT III

## UNFAIR COMPETITION (N.J.S.A. § 56:4-1)

45. GP Acoustics repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

46. BrandNamez's appropriation and actual use of the KEF® trademark and the goodwill and reputation associated therewith constitutes unfair competition in violation of N.J.S.A. 56:4-1, et seq.

47. BrandNamez's aforementioned acts of unfair competition have caused, and will continue to cause, Plaintiff to suffer substantial pecuniary injury and irreparable

harm, including but not limited to loss of customer goodwill, the imminent destruction of the KEF® trademark value, loss of business and other injury.

WHEREFORE, Plaintiff GP demands that Judgment be entered against Defendant BrandNamez, LLC d/b/a BrandNamez.com and Consumer Electronics Superstore as follows:

a. Enjoining Defendant from marketing, advertising, selling and/or supplying KEF® products;

b. Awarding to Plaintiff actual, compensatory and punitive damages, attorneys' fees and costs of suit; and

c. Such other and further relief as the Court may deem appropriate.

## COUNT IV

## UNFAIR COMPETITION (COMMON LAW)

48. GP Acoustics repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

49. The actions of BrandNamez as alleged above were done deliberately and intentionally.

50. The actions of BrandNamez as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of the KEF® products it sold, in violation of the common law of unfair competition of the State of New Jersey.

51. The actions of BrandNamez as alleged above constitute misappropriation of the goodwill of Plaintiff and unfair competition, in violation of the common law of unfair competition of the State of New Jersey.

52.  BrandNamez's aforementioned acts of unfair competition have caused, and will continue to cause, Plaintiff to suffer substantial pecuniary injury and irreparable harm, including but not limited to loss of customer goodwill, the imminent destruction of the KEF® trademark value, loss of business and other injury.

WHEREFORE, Plaintiff GP demands that Judgment be entered against Defendant BrandNamez, LLC d/b/a BrandNamez.com and Consumer Electronics Superstore as follows:

a. Enjoining Defendant from marketing, advertising, selling and/or supplying KEF® products;

b. Awarding to Plaintiff actual, compensatory and punitive damages, attorneys' fees and costs of suit; and

c. Such other and further relief as the Court may deem appropriate.

## COUNT V

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

53.  GP Acoustics repeats and realleges each of the allegations from the preceding paragraphs as if fully set forth herein.

54.  BrandNamez has utilized and continues to utilize GP Acoustics depictions and photographs and text on its web site to which GP Acoustics owns all copyright rights.

55.  BrandNamez's usage of GP Acoustics' copyright is without the consent of GP Acoustics.

56.  By the aforementioned acts complained of, BrandNamez has infringed and continues to infringe materials protected by GP Acoustics' registered and unregistered copyrights in violation of GP Acoustics' rights under 17 U.S.C. 501(a).

57. BrandNamez's aforementioned acts of copyright infringement have caused, and will continue to cause, Plaintiff to suffer substantial pecuniary injury and irreparable harm, including but not limited to loss of customer goodwill, the imminent destruction of the KEF® trademark value, loss of business and other injury.

WHEREFORE, Plaintiff GP demands that Judgment be entered against Defendant BrandNamez, LLC d/b/a BrandNamez.com and Consumer Electronics Superstore as follows:

a. Enjoining Defendant from marketing, advertising, selling and/or supplying KEF® products;

b. Awarding to Plaintiff actual, compensatory and punitive damages, attorneys' fees and costs of suit; and

c. Such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of the Complaint so triable.

/s/ Michael J. Weisslitz, Esq.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095
Telephone: (732) 636-8000
Attorneys for Plaintiff GP Acoustics, Inc.

Dated: January 29, 2010