NOT FOR PUBLICATION

_____
:
GP ACOUSTICS, INC. d/b/a KEF          :
AMERICA,                              :
                                      :
       Plaintiff,                     :          Civil Action No.: 10-539 (FLW)
                                      :
v.                                    :          **OPINION**
                                      :
BRANDNAMEZ, LLC, d/b/a                :
BRANDNAMEZ.COM and CONSUMER            :
ELECTRONICS SUPERSTORE,                :
                                      :
       Defendant.                     :
_____:

**WOLFSON, United States District Judge:**

      Plaintiff GP Acoustics, Inc d/b/a KEF America ("Plaintiff") herby moves for "default judgment" pursuant to its claims against Defendant Brandnamez, LCC d/b/a Brandnamez.com and Consumer Electronics Superstore ("Defendant") for failure to appear or otherwise respond to Plaintiff's Complaint of January 26, 2010.  For the reasons set forth below, Plaintiff's motion will be GRANTED.

**I.    BACKGROUND**

      Per its verified complaint, Plaintiff avers that it is the manufacturer of "several different types of high quality audio products, including high-performance loudspeakers," which Plaintiff "distributes and sells…exclusively through a network of authorized dealers (the "KEF Dealers") throughout the United States." Plaintiff's Verif. Compl. ("Compl.") at ¶¶ 10, 19.  Plaintiff has "registered the trademark consisting of the letters 'KEF' superimposed on a design feature consisting of the fanciful depiction of the letter 'K' with the Principal Register of the United States Patent and Trademark Office."  Supplemental Declaration in Support of Motion for

1

Default Judgment ("Supp. Pl. Decl.") at ¶ 3. The KEF trademark is registered under Registration number 1,921,576, dated September 26, 1995. Id. Plaintiff avers that, "at no point in time has any adverse decision been rendered that challenges Plaintiff's ownership or right to registration of the KEF trademark." Id. at ¶ 4.

Plaintiff asserts that it exclusively distributes and sells its products through authorized KEF Dealers, each of which is required to execute a Dealer Agreement. Id. at ¶¶ 19-20. Authorized KEF Dealers are not permitted to sell from locations other than those authorized by Plaintiff. Id. at ¶¶ 20a-20b. According to the Complaint, KEF Dealers are "licensed to use the KEF trademark for the sole purpose of advertising and promoting KEF products." Id. at ¶ 20c. Further, Plaintiff claims KEF Dealers are "specifically prohibited from selling KEF products via Internet sales…or any other method of sale where the retail consumer does not come to the KEF Dealer's authorized location." Id. at ¶ 20d. Plaintiff asserts KEF Dealers are bound to sell KEF products only to retail customers or other KEF Dealers and are not permitted to sell to those whom they believe intent to resell, transship, or otherwise divert KEF products outside the approved channels. Id. at ¶¶ 20e-20f. In addition, Plaintiff states KEF Dealers must maintain the appearance and condition of their facilities as to reflect favorably on KEF products and the "quality image associated with KEF products." Id. at ¶ 20g.

According to Plaintiff, Defendant "is an electronic audio and video equipment retailer, which advertises, markets, and sells electronics products at its store locations and on the Internet at www.brandnamez.com." Id. at ¶ 12. Plaintiff generally alleges that, without its permission, Defendant advertises and sells Plaintiff's products to New Jersey and national customers. Id. at ¶ 13. In that connection, the Complaint alleges that Defendant "is not, nor has it ever been, an authorized KEF Dealer." Id. at ¶ 22. Plaintiff claims that Defendant "has marketed, and

2

continues to market, sell and/or supply KEF products, and that websites owned, controlled, or operated by [Defendant] are engaged in activities that injure [Plaintiff] via the infringement of the KEF Trademark and the unauthorized sale of KEF products." Id. at ¶ 23. Further, Plaintiff avers that, despite not being a licensed, authorized KEF Dealer, Defendant continues to advertise "over 100 KEF products on its website" for sale, using Plaintiff's trademark and copyright protected works for its purpose. Id. at ¶¶ 24, 32-34.

In light of the foregoing, on January 26, 2010, Plaintiff commenced this suit against Defendant alleging trademark infringement, three counts of unfair competition, and copyright infringement for Defendant's unauthorized marketing, advertising, and sale of KEF products, including the use of Plaintiff's trademark and proprietary depictions, photographs, and text. Id. at ¶ 21-57.

Defendant was served with a copy of the Summons and Complaint on February 19, 2010, to which Defendant failed to answer, move, or otherwise respond. Declaration in Support of Motion for Default Judgment ("Pl. Decl.") at ¶ 2, 4. See also Afft. in Supp. of Req. for Entry of Default at ¶ 2, 4. On April 8, 2010, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on April 20, 2010. Pl. Decl. at ¶ 6. On May 14, 2010, Plaintiff filed a Motion for Default Judgment requesting injunctive relief "enjoining Defendant from marketing, advertising, selling and/or supplying KEF products." Id. at ¶ 8. See also Notice of Motion for Default Judgment; Compl. at ¶¶ 38a, 44a, 47a, 52a, 57a.[1] Defendant has failed to appear and defend the claims against it and has likewise failed to oppose the instant Motion for Default Judgment.

---

[1] While Plaintiff's Complaint seeks compensatory, statutory, and punitive damages, as well as costs, see Compl. at ¶¶ 1, 38b, 44b, 47b, 52b, 57b, on this default judgment motion, Plaintiffs seeks only injunctive relief. See Pl. Decl. at ¶ 8; Notice of Motion for Default Judgment at 1.

## II.     STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs the entry and grant of default judgment.  The rule contemplates entry of a default when a defendant has "failed to plead or otherwise defend" a specific action.  Fed. R. Civ. P. 55(a).  To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a).  Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment.  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  When a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  The court's discretion is "not without limits," however, as the preference is to dispose of cases on the merits whenever practicable.  Id. at 1181 (citations omitted).

"Before entering default judgment, the court 'must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.'"  Slover v. Live Universe, Inc., No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (quoting Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987))).  In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort.  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are

4

drastic sanctions"). As a result, district courts are directed to resolve all doubt in favor of proceeding on the merits. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

## III.   DISCUSSION

Plaintiff brings this action alleging trademark infringement for Defendant's unauthorized use of Plaintiff's registered trademark (15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a)), unfair competition for Defendant's misleading depiction of a mutual commercial relationship with Plaintiff and Defendant's trading upon Plaintiff's goodwill and reputation (15 U.S.C. § 1114(1), N.J.S.A. § 56:4-1, common law), and copyright infringement for Defendant's unauthorized use of Plaintiff's protected depictions, photographs, and text (17 U.S.C § 501(a)). Compl. at ¶¶ 29-57. Specifically, Plaintiff has plead Defendant "is not, nor has it ever been, an authorized KEF Dealer," id. at ¶ 22, yet "has marketed, and continues to market, sell and/or supply KEF products, and that websites owned, controlled, or operated by [Defendant] are engaged in activities that injure [Plaintiff] via the infringement of the KEF Trademark and the unauthorized sale of KEF products." Id. at ¶ 23. Plaintiff further alleges that Defendant "currently advertises over 100 KEF products on its website." Id. at ¶ 24. According to Plaintiff, Defendant "has obtained [Plaintiff's] audio products by inducing KEF Dealers to transship the audio products, which is a breach of the KEF Dealer Agreements." Id. at ¶ 26.

Plaintiff now requests injunctive relief to enjoin Defendant from marketing, advertising, selling and/or supplying KEF products. Pursuant to 15 U.S.C. § 1116, courts "shall have power to grant injunctions…to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116(a). Pursuant to 17 U.S.C. § 502, courts may "grant

5

temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). And, pursuant to N.J.S.A. § 56:4-2, "[a]ny person, firm or corporation violating any of the provisions of section 56:4-1 of this title shall be liable, at the suit of the maker of such branded or trade-marked products, or any other injured person, to an injunction against such practices." N.J.S.A. § 56:4-2.

### A. Emcasco Factors

Before granting default judgment for the injunctive relief requested by Plaintiff and authorized by the statutes listed previously, the Court must apply the facts of this case to the factors detailed in Emcasco. 834 F.2d at 74. According to Emcasco, before default judgment is entered by the court,

> explicit factual findings [must be made] as to:
>
> (1)  whether the party subject to default has a meritorious defense,
> (2)  the prejudice suffered by the party seeking default, and
> (3)  the culpability of the party subject to default.

Emcasco Ins. Co., 834 F.2d at 74. See also Slover, 2009 WL 606133, at *2 (quoting Doug Brady, Inc., 250 F.R.D. at 177).

I find the Emcasco factors are satisfied here. First, the facts alleged in the Complaint filed on January 29, 2010 provide no indication of a meritorious defense. (The Court is required to evaluate a potential meritorious defense on the Complaint alone, as no response has been offered by Defendant.) Indeed, as some courts have noted, the Defendant's failure to answer makes it practically impossible for the Court "to determine whether [the defendant has] a meritorious defense…" Piquante Brands Int'l, Ltd. v. Chloe Foods Co., Civil Action No. 08-4248, 2009 WL 1687484, *2 (D.N.J. Jun. 16, 2009). Second, it appears that Plaintiff has been prejudiced because Defendant has failed to respond in any manner to the Summons and

Complaint served on February 19, 2010.  See Peterson v. Boyarsky Corp., No. 08-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [Defendant]."). Finally, "Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond."  Slover, 2009 WL 606133, at *2 (citing Palmer v. Slaughter, No. 99-899, 2000 WL 1010261, *2 (D.Del. July 13, 2000).

>B. Causes of Action

Having found the Emcasco factors satisfied, the Court must now determine whether Plaintiff's complaint "establishes a legitimate cause of action."  Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 537 (D.N.J. 2008).  The Court will examine each of Plaintiff's claims separately to illustrate how Plaintiff's unchallenged facts set forth legitimate causes of action. See Slover, 2009 WL 606133, at *3 (citing Signs by Tomorrow-USA, Inc. v. Engel Co., Inc., No. 05-4353, 2006 WL 2224416, at *2 (D.N.J. Aug. 1, 2006)).

>1. Trademark Infringement – Lanham Act

With respect to trademark infringement, Plaintiff asserts its "extensive advertising under the KEF trademark, its extensive sales and the wide popularity of KEF products, the KEF trademark has acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of [Plaintiff]."  Id. at ¶ 31.  Plaintiff also alleges that Defendant "has used and is continuing to use the KEF trademark to sell, distribute, promote, and advertise, unlawfully over the Internet, KEF products which have been procured outside the Plaintiff's authorized KEF Dealer channels."  Id. at ¶¶ 32-33.  Further, Plaintiff states Defendant "used the KEF trademark, knowing it is the exclusive property of Plaintiff" to "create the false and misleading impression that [Defendant] is

7

sanctioned, assigned or authorized by Plaintiff to sell KEF products when [Defendant] is not so authorized." Id. at ¶¶ 34-35.

Plaintiff contends that this alleged infringed use of the KEF trademark is in violation of 15 U.S.C. § 1114(1), 15 U.S.C. § 1121, and 15 U.S.C. § 1125(a). To prevail on a trademark infringement claim, the plaintiff must demonstrate three elements: (1) the mark is valid and legally predictable; (2) it owns the mark; and (3) the defendant's use of the mark creates a likelihood of confusion as to the origin of the goods. Piquante, 2009 WL 1687484 at *3. The first two elements may be satisfied by demonstrating that the mark is incontestable. Id. at *3, n.3. Here, Plaintiff has satisfied the first two elements by averring in its supplemental declaration that the KEF mark was registered with the United States Patent and Trademark Office in 1995, and that no adverse decision has been rendered that challenges its ownership or right to registration. Accord id.

To demonstrate likelihood of confusion—the third element—a plaintiff must show that "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." Id. at *3 (citation omitted). Here, Plaintiff alleges that the KEF trademark has acquired a secondary meaning through Plaintiff's extensive advertising under the mark such that the use of the KEF mark suggests to purchasers and the public that products promoted by Defendant are GP Acoustic's products. Compl. at ¶ 31. Specifically, Plaintiff alleges in its verified complaint that Defendant's use of the KEF mark is likely to cause confusion by "falsely creat[ing] the impression that the goods advertised, promoted, distributed, and sold by defendants are warranted, authorized, sponsored or approved by Plaintiff." Id. at ¶ 37. Most importantly, Plaintiff avers that Defendant is using more than a mere substantially similar mark; the Verified

Complaint asserts that Defendant is using the exact KEF trademark. Id. at ¶ 34. This fact strongly suggests likelihood of confusion with Plaintiff's mark. Accordingly, Plaintiff's allegations satisfy the likelihood of confusion element of Plaintiff's trademark infringement claim. Accord Piquante, 2009 WL 1687484 at *3-4.

Lastly, to sufficiently demonstrate its trademark infringement claim, the Plaintiff must further demonstrate that the defendant's use of the mark is authorized, *i.e.*, that the Plaintiff is the owner of the mark and that it has not given the Defendant permission to use the mark. Id. (citations omitted). In the aforesaid allegations, Plaintiff contends that Defendant copied Plaintiff's valid KEF trademark, and used it on the website without Plaintiff's permission. Accordingly, Plaintiff, as the owner of the valid, registered KEF trademark, has sufficiently stated a claim for trademark infringement by showing Defendant's use of the trademark is likely to confuse potential customers as to the origin of the products sold by Defendant.

"Under the Lanham Act, an injunction is a usual and standard remedy." Id. at *6 (quoting 5 J. Thomas McCarthy, Trademarks & Unfair Competition, § 30:1 (4th ed. 2006); Lermer Germany GmbH v. Lermer Corp., 94 F.3d 1575, 1577 (Fed Cir. 1996)) (internal quotation marks omitted). In deciding whether to grant an injunction, the Court must consider:

> (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest.

Id. Here, the Court has found that Plaintiff has proven its trademark infringement claim under the Lanham Act. Thus, "Plaintiffs have shown actual success on the merits, and in turn, have suffered an irreparable injury." Id. (citing Citizens Fin. Group, Inc. v. Citizens Nat'l Bank of Evans City, 383 F.3d 110, 125 (3d Cir. 2004) (trademark infringement amounts to irreparable

injury as a matter of law)).  Granting the permanent injunction will not injure Defendant, who has no right to use Plaintiff's trademark.  And, it is in the public interest to uphold the rights of trademark owners and prevent consumer confusion.  Coach, Inc. v. Ocean Point Gifts, Civil Action No. 09-4215, 2010 WL 2521444, *9 (D.N.J. Jun. 14, 2010).  The Court, therefore, orders that Defendant cease and desist the use of the KEF mark, and cease and desist advertising, distributing, and selling product bearing the KEF mark.

### 2. Unfair Competition under the Lanham Act, New Jersey Statutory Law, and the Common Law

Plaintiff asserts Defendant's acts also constitute unfair competition in violation of 15 U.S.C. § 1125(a), N.J.S.A. 56:4-1, and the common law of unfair competition.  Id. at ¶¶ 40, 46, 50.  Specifically, Plaintiff claims Defendant "has used a false or misleading description of fact, or false or misleading representation of fact in commerce," id. at ¶ 41, "has competed unfairly with [Plaintiff,] …has traded unfairly upon [Plaintiff's] goodwill and reputation[,]" and "has created a likelihood of consumer confusion."  Id. at ¶¶ 42-43.  See also id. at ¶ 51.  These actions, including Defendant's "appropriation and actual use of the KEF trademark and the goodwill and reputation associated therewith," Plaintiff avers, constitute unfair competition.  Id. at ¶ 46.

Similar to its trademark infringement allegations, Plaintiff contends these acts are likely to deceive, or cause confusion or mistake, as to whether Plaintiff associates, affiliates, sponsors or otherwise authorizes Defendant to display or sell Plaintiff's products.  Id. at ¶¶ 41, 50.  Also similar to the trademark infringement claim, "the touchstone of a [Lanham Act] unfair competition claim is whether the defendants' actions are 'likely to cause confusion.'"  Piquante, 2009 WL 1687484 at *3; Matrix Essentials, Inc. v. Cosmetic Gallery, Inc., 870 F.Supp. 1237, 1253 (D.N.J. 1994) (quoting Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette,

10

988 F.2d 587, 592 (5th Cir. 1993)).  Likelihood of confusion must be shown for unfair competition under New Jersey common law and N.J.S.A. § 56:4-1 as well.  See American Cyanamid Co. v. Nutraceutical Corp., 54 F.Supp.2d 379, 384-85 (D.N.J. 1999) (citing Matrix Essentials, 870 F.Supp. at 1253; Apollo Distributing Co. v. Jerry Kurtz Carpet Co., 696 F.Supp. 140, 142-43 (D.N.J. 1988)).  Thus, for the reasons expressed in connection with Plaintiff's trademark infringement claim, Plaintiff has adequately alleged that Defendant's actions are likely to cause confusion, and therefore has set forth a valid claim of unfair competition under both the common law and N.J.S.A. § 56:4-1.  Accord Piquante, 2009 WL 1687484, at *3 (engaging in simultaneous analysis of plaintiff's trademark and unfair competition claims under Lanham Act).

Plaintiff contends that the above alleged acts of trademark infringement, copyright infringement and actions of unfair competition resulting in consumer confusion, mistake, and deception "have caused, and will continue to cause, Plaintiff to suffer substantial pecuniary injury and irreparable harm, including but not limited to loss of customer goodwill, the imminent destruction of the KEF trademark value, loss of business and other injury." Id. at ¶¶ 38, 44, 47, 52, 57.  In light of this Court's review of Plaintiff's allegations, an award for default judgment in the form is injunctive relief is appropriate here.

### 3. Copyright Infringement

With respect to copyright infringement, Plaintiff alleges Defendant, "has utilized and continues to utilize [Plaintiff's] depictions and photographs and text on its web site to which [Plaintiff] owns all copyright rights[,]" without Plaintiff's consent.  Id. at ¶¶ 54-55.  Plaintiff asserts this unauthorized use of depictions, photographs, and text constitutes infringement of Plaintiff's registered and unregistered copyrights in violation of the Copyright Act, 17 U.S.C. 501(a).  Id. at ¶ 56.

To establish copyright infringement under the Copyright Act, a party must demonstrate two elements: "(1) it owns the copyrighted material; and (2) the alleged infringer has engaged in unauthorized copying within the meaning of § 106 of the Copyright Act." Video Pipeline, Inc. v. Buena Vista Home Entert., Inc., 275 F.Supp.2d 543, 554 (D.N.J. 2003) (citing Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 290 (3d Cir.), cert. denied, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991)).  Unauthorized copying, under the Copyright Act, means to violate one of the five exclusive rights reserved to copyright owners, which include the right to distribute copies of the work and the right to display the work.  Id. (citing 17 U.S.C. § 106). Further, "pursuant to 17 U.S.C. §502(a), courts may grant . . . final injunctions on such terms as it may deem reasonable to . . . restrain infringement of a copyright."  Warner Bros. Records, Inc. v. Novak, Civil Action No. 06-5342, 2007 WL 1381748 (D.N.J. May 9, 2007).

Here, Plaintiff has adequately pled the two elements of copyright infringement by alleging to own valid copyrights in its electronic products and alleging that Defendant violated Plaintiffs' rights in those copyrights by distributing and displaying Plaintiff's images of the electronic products.  Plaintiff has, further, alleged that Defendant's actions "continue to cause Plaintiff . . . irreparable harm, including . . . loss of customer goodwill, the imminent destruction of KEF trademark value, loss of business and other injury."  Compl., ¶ 57.  "[C]ourts routinely issue injunctions as part of default judgments," Warner Bros. 2007 WL 1381748 at *3 (collecting cases); therefore, in light of the irreparable injury Plaintiff is likely to sustain if an injunction is not granted, I find it appropriate to enter an injunction in order to protect Plaintiff from continued, repeated infringement.  Accord id.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment against Defendant is granted. Plaintiff is entitled to injunctive relief, and Defendant is enjoined from infringing upon Plaintiff's trademark and proprietary depictions, photographs, and text subject to copyright protection by displaying such images on its website. Defendant is further enjoined from marketing, advertising, selling, or supplying KEF products without authorization of Plaintiff. An appropriate Order will follow.


Dated: August 17, 2010


    _/s/ Hon. Freda L. Wolfson____
    Hon. Freda L. Wolfson, U.S.D.J.